JOANNA E. DRUMMOND, and others, *vs.* CORNELIUS
GREEN.

### Statute of Limitations.

Certain real estate was sold by executors in June, 1865, and D reported as
the purchaser, to the Orphans' Court, who ratified the sale.   D had
agreed by parol with G to purchase the property jointly, each to furnish
one-half of the purchase money, and to hold the property in undivided
moieties.   The cash payment was made to the executors, G furnishing a
considerable part of the sum.   Before the whole purchase money was
paid D died.   On a bill filed by G against the widow and heirs-at-law
of D, and the executors who sold the property, asking, among other
things, for a specific execution of the agreement for the purchase of the
property, the Court of Appeals, while declining to decree a specific per-
formance of the agreement, because of the plea of the Statute of Frauds
interposed by the heirs-at-law of D, determined that G was entitled to
compensation for the money expended by him in the purchase of the
property, and remanded the cause, that the amount might be ascertained
by the auditor ; and decided that for such amount with interest thereon
G was entitled to a decree against the personal representative of D, and
in default of payment thereof, out of the personal estate, G could as a
general creditor, enforce its payment out of the real estate of D, as any
other general creditor might do.   The cause being remanded, a decree
was passed on the 28th of October, 1870, by the Court below in favor of
G for $5,790.56, &c., as against the administrators of D, and the bill
dismissed as against the widow and heirs-at-law of D.   This decree was
satisfied in part out of the personal estate of D.   The personal assets of
D being insufficient to pay his debts, the real estate in question was sold
under the vendor's lien, and G, on the 25th of February, 1871, filed a
petition in that proceeding, praying that the balance due on the decree
might be paid out of the proceeds arising from the sale of said real
estate.   The widow and heirs-at-law of D answered this petition deny-
ing the indebtedness of D to G, and pleading the Statute of Limitations.
HELD :

That the claim of G was not barred by the Statute of Limitations, as his
right to compensation for the money paid by him on account of the pur-
chase of the property, did not rest upon the decree of the inferior Court,
but upon the decision of the Court of Appeals which was binding upon
the heirs-at-law of D.

APPEAL from the Circuit Court of Baltimore City.

This Court having decided in *Green vs. Drummond*, reported in 31 *Md.*, 71, that the present appellee had contributed a sum of money exceeding $3,000, towards the purchase of the property in question, and was entitled to compensation therefor, remanded the cause to the Superior Court of Baltimore City, for a reference to the auditor to ascertain the precise amount, upon proof then in the cause, and other proof to be taken under the Court's order for that purpose; and for the amount so ascertained, with interest thereon, this Court decided that the present appellee would be entitled to a decree against the personal representatives of Levin J. Drummond, deceased; and in default of payment thereof out of the personal estate of said Drummond, he would be entitled, as a general creditor, by proper proceedings for that purpose, to enforce its payment out of the real estate of said Drummond, in the same manner as any general creditor might do.

The case being reïnstated in the Superior Court, it was referred to the auditor to take proof and to state a proper account. Testimony was accordingly taken and the auditor stated an account, and upon hearing, the Court, on the 28th of October, 1870, passed a decree in favor of the present appellee for $5,790.56, with interest thereon from the 16th of December, 1869, until paid, as against the administrators of said Drummond, and dismissed the bill as against his widow and heirs-at-law.

The property, on which the money of the present appellee had been expended, was sold, under proceedings, in the Circuit Court of Baltimore city, to enforce the vendors' lien, and after paying the claims having priority, there remained from the proceeds of the sale the sum of $3,782.62, for distribution under the order of the Court. On the 25th of February, 1871, the present appellee filed his petition in the proceedings in the Circuit Court, alleging that he had recovered a decree in the Superior Court of Baltimore City against the administrators of Levin J. Drummond, deceased, for the sum of

$5,790.56, and that the said Drummond died possessed of a very small personal estate, whereby it had become necessary to resort to his real estate to satisfy the claim of the petitioner. The petition prayed a statement from the administrators of the amount of assets applicable to the liquidation of the decree, and that so much of the proceeds of the real estate as might be necessary to discharge the decree fully, should be paid to him. Process was prayed against the administrators and heirs and widow of Drummond. The widow and heirs answered the petition, denying upon the best of their knowledge and belief that there was any indebtedness to the present appellee by Drummond at the time of his death, and also pleading the Statue of Limitations. Mrs. Drummond also claimed dower out of the real estate of her husband, without any diminution on account of the debt for which it was sold. The administrators answered the petition, showing the amount of the personal estate in their hands, and that the dividend to be paid to the petitioner from the personal estate, on account of his claim, was $1,340.78.

The widow and heirs-at-law of Drummond insisted that the decree of the Superior Court was not evidence against them. The Court sustained the exception to the decree of the Superior Court overruling the plea of limitations, and ordered that the surplus of the proceeds of sale be applied to the satisfaction of the debts of Drummond. The widow and heirs appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT, ALVEY and ROBINSON, J.

*Wm. Shepard Bryan,* for the appellants.

*John P. Poe* and *Wm. Pinkney Whyte,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

We agree with the counsel for the appellants, that a decree or judgment against an administrator is not binding on the

Drummond, *et al. vs.* Green.

heirs-at-law. It is equally true, that "chancery follows the law, and, acting in obedience to the Statute, the plea of limitations is as available in equity, as at law, in relation to the same subject-matter," and that "wherever the Legislature has limited a period for law proceedings, equity will, in analogous cases, consider the equitable rights as bound by the same limitation." *Knight vs. Brawner*, 14 *Md.*, 7; *Elmendorf vs. Taylor*, 10 *Wheat.*, 173. While denying their application to the case before us, we do not understand the appellee as questioning these well established rules.

In the former appeal, 31 *Md.*, 72, it was decided—first, that the complainant was not entitled to a specific execution of the alleged agreement, for the purchase of the real estate mentioned in the bill of the complainant, the same not being in writing as required by the Statute of Frauds; secondly, that he was not entitled to relief on the ground of a resulting or constructive trust in the property, under the eighth section of the Statute.

"It remains to be considered," say the Court, "whether, under the pleadings and proofs in the cause, the appellant is entitled to any and what relief in a Court of Equity? A specific execution of the alleged agreement being denied, the question is, whether the bill should be retained for the purpose of awarding compensation for the purchase money paid and advanced by him?"

Inasmuch as the specific execution of the alleged agreement for the purchase of the property, could not be enforced because of the Statute of Frauds,.and it was doubtful whether the appellee could recover in an action at law, the money paid and advanced under the same, it was held by this Court, after a careful review of the authorities, that he was entitled to a decree for compensation for the money thus furnished to Drummond, such relief being incidental to other relief sought by the bill.

The Court further say, "while in our opinion the proof is perfectly clear and conclusive, that a portion of the cash

payment made to the executors was furnished by him, and that the amount so furnished exceeded $3,000, there is an absence of satisfactory evidence in regard to the precise amount thereof, and it will be necessary to refer the case to the auditor, so that an account thereof may be stated upon the proof now in the cause, and other proof to be taken under the Court's order for that purpose; and for the amount so ascertained with interest thereon, the appellant will be entitled to a decree as against the personal representative of Levin J. Drummond, deceased; and in default of payment thereof out of the personal estate of Levin J. Drummond, he will be entitled as a general creditor, by proper proceedings for that purpose, to *enforce* its payment out of the real estate of said Drummond in the same manner as any general creditor might do."

The cause was remanded, and additional proof taken, and on the 28th October, 1870, a decree was passed by the Court below, in favor of the appellee for the sum of $5,790.56 as against the administrators of Drummond, to be paid by them in due course of administration, and the bill dismissed against the widow and heirs-at-law.

In the meantime, the personal assets of Drummond being insufficient to pay his debts, the real estate was sold under a vendor's lien, and the appellee filed a petition in that proceeding praying that the balance due on the decree, after applying thereto the dividend from the personal estate, might be paid out of the proceeds arising from the sale of the real estate.

To this petition the appellants filed separate answers denying any indebtedness from Drummond to Green, and at the same time plead the Statute of Limitations as a bar to the claim of the appellee. Now, if his claim rested on the decree of the Court below, the appellants might very well contend that, being against the administrators of Drummond, it was not binding on his heirs-at-law. The right, however, to compensation for the money paid on account of the purchase of

the property, does not rest upon this decree, but upon the decision of this Court in the former appeal, in which it was decided that, although Green was not entitled to a specific execution of the alleged agreement because of the Statute of Frauds, yet he was entitled under the bill and as incident to other relief sought, to a decree of compensation for the money paid and expended by him in the purchase of the property. If the proof in the case had been sufficient to establish the precise amount so paid, instead of remanding the cause, this Court would have decreed the payment of the same, and it will hardly be contended that such a decree would not have bound the heirs-at-law who were parties to the proceeding. If such a decree had been passed and filed by the appellee in the sale of the real estate, under the vendor's lien, the heirs-at-law could neither have claimed the right to compensation thus established by it, nor the amount so ascertained. If so, the decision is equally binding, so far as the right of the appellee to claim compensation is concerned, for it expressly says, the "authorities sufficiently establish the jurisdiction and power of a Court of Equity *to* grant relief to the appellant in the present case by decreeing compensation," and the cause was remanded to the auditor for the sole purpose of ascertaining from the proof then in the cause, and such additional proof as might be taken, the precise sum *to* which the appellee was entitled.

If it be conceded, then, that the claim of the appellee, whether legal or equitable, comes within the operation of the Statute of Limitations, and that it differs from the equitable claim of the wife in *Bowie vs. Stonestreet, et al.,* 6 *Md.,* 418, which could not be enforced by an action at law in the life time of the husband, we are of opinion that the decision of this Court in the former appeal, to which the heirs-at-law were parties, is binding on them, and, therefore, takes the claim out of the operation of the Statute of Limitations.

The remaining question to be considered is as to the precise sum to which the appellee is entitled. We are aware of

the importance of this case to all the parties interested, and have carefully examined the proof in the old record and the additional proof taken by the auditor, and are of the opinion that there is no error in the decree of the 28th of October in this respect. We think it fully establishes the sum decreed to be due. For these reasons, the decree below will be affirmed.

*Decree affirmed.*

(Decided 14th February, 1872.)